IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOE W. CONWAY #1904890 | § | |
| | § | |
| V. | § | A-14-CA-069-SS |
| | § | |
| CALDWELL COUNTY SHERIFF'S | § | |
| OFFICE, SHERIFF DANIEL LAW, | § | |
| DETECTIVE ALLEN, DEPUTY | § | |
| EVANS, and DEPUTY McCONNELL | § | |

INTERIM REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1); the Motion to Dismiss Pursuant to Rule 12(b)(1) & (6) filed by Defendants Sheriff Daniel Law, Detective Allen, and Deputy Evans, in their official capacities (Document No. 15); the Motion to Dismiss Pursuant to Rule 12(b)(1) & (6) filed by Defendant Caldwell County Sheriff's Office (Document No. 16); the Motion for Summary Judgment filed by Defendants Caldwell County Sheriff's Office, Sheriff Daniel Law, Detective Allen, and Deputy Evans (Document No. 21); Plaintiff's Response to Defendants' Motion for Summary Judgment (Document No. 26); Defendants' reply (Document No. 27); the Motion to Dismiss Pursuant to Rule 12(B)(1) & (6) filed by Defendant McConnell (Document No. 44); Plaintiff's response thereto (Document No. 49);

Defendants' reply (Document No. 50); and Plaintiff's Request for Leave to Amend the Original Complaint (Document No. 48).  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I.  BACKGROUND

At the time he filed his complaint, Plaintiff was a pretrial detainee in the Caldwell County Jail.  During the pendency of this action, Plaintiff was convicted and transferred to the Eastham Unit of the Texas Department of Criminal Justice - Correctional Institutions Division.  Plaintiff files this action pursuant to 42 U.S.C. § 1983 primarily alleging his Fourth and Fourteenth Amendment rights were violated by Caldwell County officials.

According to Plaintiff, on June 28, 2013, he was sitting in his vehicle in the Whataburger parking lot in Lockhart, Texas, when a Caldwell County deputy (later identified as Deputy McConnell) parked his patrol unit behind Plaintiff's truck and activated his lights.  Deputy McConnell allegedly asked Plaintiff to step out of the vehicle, questioned Plaintiff about the tags on his truck, asked Plaintiff for his personal information, and asked whether Plaintiff consented to the search of his truck.  Plaintiff asserts he denied consent to search.  Plaintiff's female passenger subsequently exited the restaurant and got into the truck.  Deputy McConnell allegedly approached her, and upon learning her identity, arrested the passenger on an outstanding warrant.  Next, Plaintiff explains a man in civilian clothes parked a black Ford Expedition on the public road and approached the deputy.  Shortly thereafter, the man in civilian clothing identified himself as Detective Allen of the Caldwell County Sheriff's Office and asked for consent to search the truck.  Plaintiff once again denied consent to search.

Plaintiff alleges Deputy Evans and Sheriff Daniel Law next arrived at the scene. According to Plaintiff, Detective Allen announced a K-9 unit was en route to do a free air search. Plaintiff asserts he was given permission to remove his passenger's puppy from the truck. The K-9 allegedly arrived and circled the vehicle three times with no indications. The fourth time Plaintiff claims the officer instructed the dog to jump on Plaintiff's truck. Plaintiff complains the dog dug his nails into the paint and scratched "a very expensive paint job." At the conclusion of the search, the K-9 allegedly did not alert to drugs in the vehicle. Plaintiff was subsequently arrested for a "Class C Misdemeanor." According to Plaintiff, officials drove his truck to the jail's sallyport and disassembled it. On June 29, 2013, Plaintiff was "magistrated on a Class B Misdemeanor - Displaying Fictitious Tags/License and a 2nd Degree Felony P.O.C.S."

Plaintiff sues Deputy McConnell, Sheriff Daniel Law, Detective Allen, and Deputy Evans. He claims Deputy McConnell violated Plaintiff's rights under the Fourth and Fourteenth Amendment of the United States Constitution as well as Article 1, Sections 3, 9, and 19 of the Texas Constitution when he deviated "from having lunch to engage a non-suspecting citizen that is conducting a legitimate business transaction in a public establishment and before discovering a civil traffic infraction." Plaintiff further claims Deputy McConnell, Deputy Evans, Detective Allen, and Sheriff Law "neglected in their official capacity to prevent the deprivation of the right to be free from unreasonable search and seizure and therefore did conspire in their non-official capacity to interfere" with the plaintiff's rights. Plaintiff next claims Deputy McConnell's "engagement was pretextual in his official and/or non-official capacity and because it is constitutionally offensive, the plaintiff's arrest, continued confinement, and the adjudication . . . is illegal." Plaintiff further claims his rights were violated because no search warrant was ever acquired and no consent was given to search his

vehicle. Plaintiff contends the defendants conspired together to violate his constitutional rights. He seeks declaratory relief, injunctive relief, and monetary damages.

After consideration of Plaintiff's complaint, the Court ordered service on Defendants Law, Evans, and Allen. The Court ordered Plaintiff to identify the unknown deputy by March 27, 2014, so that service may be perfected. Plaintiff notified the Court on June 6, 2014, after the deadline had expired, that the previously unidentified deputy is Deputy McConnell. The Court subsequently ordered service upon Deputy McConnell. The Court did not order service upon the Caldwell County Sheriff's Office, because that is not a legal entity capable of being sued.

## II. DEFENDANTS' MOTIONS

Although the Court did not order service upon Defendant Caldwell County Sheriff's Office, the defendant filed a motion to dismiss, arguing there is no federal question presented by Plaintiff's allegations and there is "no cognizable violation of civil rights alleged" by the plaintiff. Specifically, this defendant argues it is a non-jural entity having no independent legal standing separate and apart from Caldwell County, Texas and Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Defendants Law, Allen, and Evans filed a similar Motion to Dismiss. The Court construed the motions as motions for summary judgment and ordered the parties to file summary judgment evidence. Rather than filing summary judgment evidence, Defendants filed a joint Motion for Summary Judgment.[1]

Defendant McConnell, who was only recently served with Plaintiff's complaint, also moves to dismiss. He adopts, ratifies, and incorporates all matters contained in the previously filed

---

[1] Because the Motion for Summary Judgment supersedes Defendants' previously filed Motions to Dismiss, the Motions to Dismiss should be dismissed.

4

Defendants' Motion for Summary Judgment. McConnell's motion was converted to a motion for summary judgment, and he was given the opportunity to file additional summary judgment evidence. No additional summary judgment evidence was filed.

Defendants move for summary judgment arguing Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Defendants explain Plaintiff was arrested for displaying fictitious license plates. They assert his vehicle was towed to the Caldwell County Sheriff's Office, and an inventory of the contents of the truck was conducted. According to Defendants, the inventory revealed methamphetamine inside of the truck, and Plaintiff was subsequently charged with the second degree felony of possession of a controlled substance. Plaintiff pleaded guilty to the charge. Relying on Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996), Defendants argue a finding that either the arrest of Plaintiff or the inventory search of the truck Plaintiff was occupying when arrested was unreasonable would attack the constitutionality of Plaintiff's conviction for possession of a controlled substance.

Alternatively, Defendants argue the K-9 free air search did not constitute a search within the Fourth Amendment and consent was not needed. In addition, they argue the inventory search of Plaintiff's vehicle was reasonable and conducted pursuant to constitutionally adequate policy and therefore did not violate the Fourth Amendment.

Defendants contend the dismissal of all of Plaintiff's federal claims renders the Court without subject matter jurisdiction over Plaintiff's supplemental state law claims. They urge the Court to dismiss Plaintiff's state law claims.

### III. PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

In his response, Plaintiff reiterates Deputy McConnell did not have probable cause to make a traffic stop in the first place. Plaintiff points out Deputy McConnell did not discover the fictitious license plates until after Deputy McConnell engaged with Plaintiff. Rather, Plaintiff contends Deputy McConnell embarked on a sustained course of investigating the presence of drugs without a reasonable suspicion or probable cause. Plaintiff argues the traffic stop was conducted and concluded with the Department of Motor Vehicles affirming the VIN displayed on the truck returned to the correct vehicle, Plaintiff claiming ownership and recent purchase of the truck from the previously registered owner, and Plaintiff admitting the license plate belonged to another truck. Plaintiff argues Defendants infringed on this Fourth Amendment rights without due process by continuing to investigate whether Plaintiff or his passenger possessed drugs. Plaintiff contends his arrest for a traffic stop was a pretext, so that Defendant Allen could search his truck under the agenda of an illegal narcotics investigation. Plaintiff contends the defendants conspired to violate his rights. He further contends Caldwell County is liable because Captain Hernandez arrived at the scene but failed to take remedial action to prevent the unreasonable search and seizure of Plaintiff. Plaintiff also contends Caldwell County is liable because it fails to provide adequate channels for arrestees to officially file complaints and resolve official misconduct "before the legal wheel begins its forceful role in the judicial process." In addition, Plaintiff argues Caldwell County fails to adequately train its employees and officials.

### IV. PLAINTIFF'S RESPONSE TO McCONNELL'S MOTION TO DISMISS

The majority of Plaintiff's response addresses the merits of his claims rather than the arguments made in Defendant's motions. Plaintiff does, however, briefly address the Heck issue by

arguing his conviction derives from a guilty plea and concluding it is legally impossible for his civil rights complaint to call into question the validity or legality of his guilty plea. Defendants did not file a response thereto.

## V. ANALYSIS

A. Summary Judgment Standard

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.[2]

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses

---

[2] Effective December 1, 2010, Rule 56 was amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. See FED. R. CIV. P. 56(a) (eff. Dec.1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

. . . designating specific facts showing that there is a genuine issue for trial." Id. at 324. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

      B.     Entities Not Capable of Being Sued

The Caldwell County Sheriff's Department is not a legal entity capable of being sued. See Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Therefore, Plaintiff's claims against this defendant should be dismissed. Ordinarily, the Court would construe Plaintiff's claims brought against the Caldwell County Sheriff's Department as claims brought against Caldwell County. However, such construction is unnecessary, because Plaintiff has sued Caldwell County officials in their official capacities, which is the same as if Plaintiff sued Caldwell County.

### C. Heck v. Humphrey

Plaintiff alleges his constitutional rights were violated when he was initially stopped by McConnell, subsequently arrested for displaying fictitious plates, and later convicted of possession of a controlled substance as a result of the inventory search. Defendants argue Plaintiff's claims with regard to the arrest and inventory search are barred by Heck v. Humphrey, 512 U.S. 477 (1994). They explain a finding that either the arrest of Plaintiff or the inventory search of the truck Plaintiff was occupying when arrested was unreasonable would attack the constitutionality of Plaintiff's conviction for possession of a controlled substance.

In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486–87. However, the Supreme Court explained:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, . . . and especially harmless error, . . . such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

9

Id. at 487 n.7 (internal citations omitted). In short, a successful § 1983 illegal search and seizure action does not necessarily imply the invalidity of an underlying conviction. See Mackey v. Dickson, 47 F.3d 744 (5th Cir. 1995) (stating that "[i]t is well established that a claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the arrest."). See, e.g., Simpson v. Rowan, 73 F.3d 134, 136 (7th Cir. 1995) ("Because an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a plaintiff to pursue a § 1983 claim under the Fourth Amendment."). Under Heck, the district court must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995) (citation omitted).

Defendants rely on Hudson v. Hughes, 98 F.3d 868 (5th Cir. 1996) for their argument that Plaintiff's claims are barred by Heck. Hudson alleged, among other things, he was arrested falsely for burglary because the district attorney only prosecuted him for battery of an officer and felon in possession of a firearm. Id. at 872. The Fifth Circuit determined that if this was proved, Hudson's false arrest claim necessarily would call into question his conviction as a felon in possession of firearm. Id. The court explained that if the arresting officers lacked probable cause to arrest Hudson for burglary and the arrest is invalid, the firearm discovered in Hudson's possession as a result of the arrest would be subject to suppression under the Fourth Amendment as the "fruit" of an illegal arrest. Id. The court found it improbable that doctrines such as independent source, inevitable discovery, and harmless error would permit the introduction of the firearm as evidence in the case. Id. The court explained the police discovered the firearm in Hudson's possession when he was knocked from

his bike during the burglary arrest and the court saw no reason reflected in the record to believe the police would have discovered the firearm had they not arrested Hudson for burglary. Id. The court concluded that because a successful § 1983 action for false arrest on burglary charges necessarily would imply the invalidity of Hudson's conviction as a felon in possession of a firearm, Heck precluded the claim. Id.

In this case, Plaintiff was arrested for displaying fictitious plates, but he was convicted of possession of a controlled substance after the inventory search of his truck revealed the illegal drugs. Plaintiff pleaded guilty to possession, and the charge for displaying fictitious plates was dismissed. Defendants fail to explain how Plaintiff's guilty plea to the possession of a controlled substance is inconsistent with the allegation that he was unlawfully detained and his truck subjected to an unlawful inventory search. Whether the arresting officer had probable cause to arrest Plaintiff had no bearing on the validity of his guilty plea and conviction. See Reynolds v. Jamison, 488 F.3d 756, 767 (7th Cir. 2007) (explaining whether the arresting officer had probable cause to arrest the plaintiff had no bearing on the validity of the guilty plea and conviction, and so Heck was irrelevant). Accordingly, Plaintiff's claims relating to his alleged unlawful arrest and inventory of his truck are not barred by Heck.

Plaintiff's unlawful seizure claim regarding Deputy McConnell's initial stop of Plaintiff is also not barred by Heck.[3] If Plaintiff successfully demonstrates his initial seizure and detention by Deputy McConnell violated his Fourth Amendment rights, such result does not necessarily imply the invalidity of his drug-possession conviction. See Whitmore v. Harrington, 204 F.3d 784, 784-85 (8th Cir. 2000) (holding success of plaintiff's unlawful-investigative stop claim would not

---

[3] The Court notes Defendants fail to acknowledge Plaintiff even made such a claim.

necessarily imply invalidity of subsequent drug conviction). Whether Deputy McConnell had a reasonable suspicion to stop Plaintiff has no bearing on the validity of Plaintiff's subsequent guilty plea and criminal conviction for drug possession. Therefore, Heck does not apply.

### D. Merits

Defendants alternatively argue the K-9 free air search did not constitute a search within the Fourth Amendment and consent was not needed. In addition, they argue the inventory search of Plaintiff's vehicle was reasonable and conducted pursuant to a constitutionally adequate policy and therefore did not violate the Fourth Amendment.

Defendants did not address the merits of Plaintiff's remaining claims. They also fail to include an affidavit of Defendant McConnell or provide the Court with an authenticated copy of the policy regarding inventory searches to which they refer. In addition, Defendants attach to their Motion for Summary Judgment multiple police reports. However, there is no accompanying affidavit authenticating the documents. Accordingly, the police reports are not competent summary judgment evidence and will not be considered by the Court. In short, Defendants' Motion for Summary Judgment and Defendant McConnell's Motion to Dismiss (construed as a Motion for Summary Judgment), are lacking in proof and should be denied.

### E. Motion to Amend Complaint

Plaintiff requests leave to file an amended complaint. Plaintiff explains he incorrectly identified the Caldwell County Sheriff's Department and Sheriff Daniel Law as defendants. He asserts leave should be granted so that he can correctly identify the defendants, perfect his claims, request the proper relief, and invest the Court with proper jurisdiction. The motion was file-marked December 12, 2014. Defendants filed no response to the motion. After consideration of the

unopposed motion, the Court is of the opinion it should be granted.  In light of the woefully inadequate Motion for Summary Judgment, Defendants cannot reasonably argue they would be prejudiced by Plaintiff's delayed request.

## VI.  RECOMMENDATION

The undersigned recommends that the District Court **DISMISS WITHOUT PREJUDICE** the Motion to Dismiss [#15] filed by Defendants Sheriff Daniel Law, Detective Allen, and Deputy Evans and the Motion to Dismiss [#16] filed by Defendant Caldwell County Sheriff's Office, as these motions were superseded by their Motion for Summary Judgment [#21].  The undersigned further recommends that the District Court **GRANT IN PART AND DENY IN PART** Defendants' Motion for Summary Judgment [#21].  Defendants' motion should be granted to the extent Plaintiff's claims against the Caldwell County Sheriff's Office should be **DISMISSED WITH PREJUDICE**, as the Sheriff's Office is not a legal entity capable of being sued.  The remainder of the motion should be denied.  The undersigned further recommends that the District Court **DENY** Defendant McConnell's Motion to Dismiss [#44], which was construed as a motion for summary judgment, and **GRANT** Plaintiff's Request for Leave to Amend the Original Complaint [#48]. Upon the acceptance of this Report and Recommendation, this case should be returned to the Magistrate Court.

## VII. OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. en banc, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of January, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE