IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 FEB 20 PM 2:06

JOE W. CONWAY #1904890,
        Plaintiff,

-vs-                                                 Case No. A-14-CA-069-SS

CALDWELL COUNTY SHERIFF'S OFFICE,
SHERIFF DANIEL LAW, DETECTIVE ALLEN,
DEPUTY EVANS, and DEPUTY McCONNELL,
        Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 [#1]; Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) & (6) filed by Sheriff Daniel Law, Detective Allen, and Deputy Evans, in their official capacities [#15]; Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) & (6) filed by Caldwell County Sheriff's Office [#16]; Defendants' Motion for Summary Judgment filed by Caldwell County Sheriff's Office, Sheriff Daniel Law, Detective Allen, and Deputy Evans [#21], Plaintiff's Response [#26], and Defendants' Reply [#27]; Defendant Deputy McConnell's Motion to Dismiss Pursuant to Rule 12(b)(1) & (6) [#44], Plaintiff's Response [#49], and Defendants' Reply [#50]; Plaintiff's Request for Leave to Amend the Original Complaint [#48]; the Interim Report and Recommendation (R&R) of the United States Magistrate Judge [#51], and Plaintiff's Objections [#53]; and Plaintiff's Motion for Appointment of Counsel [#56]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The parties are entitled to de novo review of the portions of the Magistrate Judge's report to which they filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008). Nevertheless, this Court has reviewed the entire file de novo.

## Background

### I.  Conway's Allegations

Plaintiff Joe Conway, proceeding pro se, has been granted leave to proceed in forma pauperis. At the time he filed his complaint, Conway was a pretrial detainee in the Caldwell County Jail. During the pendency of this action, Conway was convicted and transferred to the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division. Conway files this action pursuant to 42 U.S.C. § 1983 primarily alleging his Fourth and Fourteenth Amendment rights were violated by Caldwell County officials.

According to Conway, on June 28, 2013, he was sitting in his vehicle in the Whataburger parking lot in Lockhart, Texas, when a Caldwell County deputy (later identified as Deputy McConnell) parked his patrol unit behind Conway's truck and activated his lights. Deputy McConnell allegedly asked Conway to step out of the vehicle, questioned him about the tags on his truck, asked him for his personal information, and asked whether he consented to the search of his truck. Conway asserts he denied consent to search. Conway's female passenger subsequently exited the restaurant and got into the truck. Deputy McConnell allegedly approached her, and upon

learning her identity, arrested the passenger on an outstanding warrant. Next, Conway explains a man in civilian clothes parked a black Ford Expedition on the public road and approached the deputy. Shortly thereafter, the man in civilian clothing identified himself as Detective Allen of the Caldwell County Sheriff's Office and asked for consent to search the truck. Conway once again denied consent to search.

Conway alleges Deputy Evans and Sheriff Daniel Law next arrived at the scene. According to Conway, Detective Allen announced a K-9 unit was en route to do a free air search. Conway asserts he was given permission to remove his passenger's puppy from the truck. The K-9 allegedly arrived and circled the vehicle three times with no indications. The fourth time Conway claims the officer instructed the dog to jump on the truck. Conway complains the dog dug his nails into the paint and scratched "a very expensive paint job." At the conclusion of the search, the K-9 allegedly did not alert to drugs in the vehicle. Conway was subsequently arrested for a "Class C Misdemeanor." According to Conway, officials drove his truck to the jail's sallyport and disassembled it. On June 29, 2013, Plaintiff was "magistrated on a Class B Misdemeanor - Displaying Fictitious Tags/License and a 2nd Degree Felony P.O.C.S."

Conway sues Deputy McConnell, Sheriff Daniel Law, Detective Allen, and Deputy Evans. He claims Deputy McConnell violated his rights under the Fourth and Fourteenth Amendment of the United States Constitution as well as Article 1, Sections 3, 9, and 19 of the Texas Constitution when he deviated "from having lunch to engage a non-suspecting citizen that is conducting a legitimate business transaction in a public establishment and before discovering a civil traffic infraction." Conway further claims Deputy McConnell, Deputy Evans, Detective Allen, and Sheriff

Law "neglected in their official capacity to prevent the deprivation of the right to be free from unreasonable search and seizure and therefore did conspire in their non-official capacity to interfere" with the plaintiff's rights. Conway next claims Deputy McConnell's "engagement was pretextual in his official and/or non-official capacity and because it is constitutionally offensive, the plaintiff's arrest, continued confinement, and the adjudication . . . is illegal." Conway further claims his rights were violated because no search warrant was ever acquired and no consent was given to search his vehicle. Conway contends the defendants conspired together to violate his constitutional rights. He seeks declaratory relief, injunctive relief, and monetary damages.

After consideration of Conway's complaint, the Court ordered service on Defendants Law, Evans, and Allen. The Court ordered Conway to identify the unknown deputy by March 27, 2014, so that service may be perfected. Conway notified the Court on June 6, 2014, after the deadline had expired, that the previously unidentified deputy is Deputy McConnell. The Court subsequently ordered service upon Deputy McConnell. The Court did not order service upon the Caldwell County Sheriff's Office because it is not a legal entity capable of being sued.

## II.   Defendants' Motions

Although the Court did not order service upon Caldwell County Sheriff's Office, this defendant filed a motion to dismiss, arguing there is no federal question presented by Conway's allegations and there is "no cognizable violation of civil rights alleged" by the plaintiff. Specifically, this defendant argues it is a non-jural entity having no independent legal standing separate and apart from Caldwell County, Texas, and Conway's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants Law, Allen, and Evans filed a similar Motion to Dismiss. The Court construed the motions to dismiss as motions for summary judgment and ordered the parties to file summary

judgment evidence. Rather than filing summary judgment evidence, Defendants filed a joint Motion for Summary Judgment.[1]

Defendant McConnell, who was only recently served with Conway's complaint, also moves to dismiss. He adopts, ratifies, and incorporates all matters contained in Defendants' Motion for Summary Judgment. McConnell's motion was converted to a motion for summary judgment, and he was given the opportunity to file additional summary judgment evidence. No additional summary judgment evidence was filed.

Defendants move for summary judgment arguing Conway's claims are barred by *Heck v. Humphrey*. Defendants explain Conway was arrested for displaying fictitious license plates. They assert his vehicle was towed to the Caldwell County Sheriff's Office, and an inventory of the contents of the truck was conducted. According to Defendants, the inventory revealed methamphetamine inside of the truck, and Conway was subsequently charged with the second degree felony of possession of a controlled substance. Conway pleaded guilty to the charge. Relying on *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996), Defendants argue a finding that either the arrest of Conway or the inventory search of the truck he was occupying when arrested was unreasonable would attack the constitutionality of Conway's conviction for possession of a controlled substance.

Alternatively, Defendants argue the K-9 free air search did not constitute a search within the Fourth Amendment and consent was not needed. In addition, they argue the inventory search of Conway's vehicle was reasonable and conducted pursuant to a constitutionally adequate policy and therefore did not violate the Fourth Amendment.

---

[1] Because the motion for summary judgment supersedes Defendants' previously filed motions to dismiss, the Court DISMISSES the motions to dismiss.

Defendants contend the dismissal of all of Conway's federal claims renders the Court without subject matter jurisdiction over his supplemental state law claims. They urge the Court to dismiss Conway's state law claims.

### III.  Conway's Response to the Motion for Summary Judgment

In response, Conway reiterates Deputy McConnell did not have probable cause to make a traffic stop in the first place. Conway points out Deputy McConnell did not discover the fictitious license plates until after Deputy McConnell engaged with Conway. Rather, Conway contends Deputy McConnell embarked on a sustained course of investigating the presence of drugs without a reasonable suspicion or probable cause. Conway argues the traffic stop was conducted and concluded with the Department of Motor Vehicles affirming the VIN displayed on the truck returned to the correct vehicle, Conway claiming ownership and recent purchase of the truck from the previously registered owner, and Conway admitting the license plate belonged to another truck. Conway argues Defendants infringed his Fourth Amendment rights without due process by continuing to investigate whether Conway or his passenger possessed drugs. Conway contends his arrest for a traffic stop was a pretext so that Defendant Allen could search his truck under the agenda of an illegal narcotics investigation. Conway contends the defendants conspired to violate his rights. He further contends Caldwell County is liable because Captain Hernandez arrived at the scene but failed to take remedial action to prevent the unreasonable search and seizure. Conway also contends Caldwell County is liable because it fails to provide adequate channels for arrestees to officially file complaints and resolve official misconduct "before the legal wheel begins its forceful role in the judicial process." In addition, Conway argues Caldwell County fails to adequately train its employees and officials.

**IV.     Conway's Response to McConnell's Motion to Dismiss**

The majority of Conway's response addresses the merits of his claims rather than the arguments made in Defendant McConnell's motion. Conway does, however, briefly address the *Heck* issue by arguing his conviction derives from a guilty plea and concluding it is legally impossible for his civil rights complaint to call into question the validity or legality of his guilty plea.

## Analysis

**I.      Legal Standard—Summary Judgment**

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere

conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.     Application

### A.     Entities Not Capable of Being Sued

The Caldwell County Sheriff's Department is not a legal entity capable of being sued. *See Guidry v. Jefferson Cnty. Det. Ctr.*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Therefore, Conway's claims against this defendant should be dismissed. Ordinarily, the Court would construe Conway's

claims brought against the Caldwell County Sheriff's Department as claims brought against Caldwell County. However, such construction is unnecessary because Conway has sued Caldwell County officials in their official capacities, which is the same as if he sued Caldwell County.

**B.**   ***Heck v. Humphrey***

Conway alleges his constitutional rights were violated when he was initially stopped by McConnell, subsequently arrested for displaying fictitious plates, and later convicted of possession of a controlled substance as a result of the inventory search. Defendants argue Conway's claims with regard to the arrest and inventory search are barred by *Heck v. Humphrey*. They explain a finding that either the arrest of Conway or the inventory search of the truck Conway was occupying when arrested was unreasonable would attack the constitutionality of Conway's conviction for possession of a controlled substance. In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486–87.

However, the Supreme Court further explained:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial

> resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, . . . and especially harmless error, . . . such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

*Id.* at 487 n.7 (internal citations omitted).

In short, a successful § 1983 illegal search and seizure action does not necessarily imply the invalidity of an underlying conviction. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (stating that "[i]t is well established that a claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the arrest."); *see also Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995) ("Because an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a plaintiff to pursue a § 1983 claim under the Fourth Amendment."). Under *Heck*, the district court must consider "whether a judgment in favor of the Conway would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (citation omitted).

Defendants rely on *Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996), for their argument that Conway's claims are barred by *Heck*. Hudson alleged, among other things, he was arrested falsely for burglary because the district attorney only prosecuted him for battery of an officer and felon in possession of a firearm. *Id.* at 872. The Fifth Circuit determined that if this was proved, Hudson's false arrest claim necessarily would call into question his conviction as a felon in possession of firearm. *Id.* The court explained that if the arresting officers lacked probable cause to arrest Hudson for burglary and the arrest is invalid, the firearm discovered in Hudson's possession as a result of the

arrest would be subject to suppression under the Fourth Amendment as the "fruit" of an illegal arrest. *Id.* The court found it improbable that doctrines such as independent source, inevitable discovery, and harmless error would permit the introduction of the firearm as evidence in the case. *Id.* The court explained the police discovered the firearm in Hudson's possession when he was knocked from his bike during the burglary arrest, and the court saw no reason reflected in the record to believe the police would have discovered the firearm had they not arrested Hudson for burglary. *Id.* The court concluded that because a successful § 1983 action for false arrest on burglary charges necessarily would imply the invalidity of Hudson's conviction as a felon in possession of a firearm, *Heck* precluded the claim. *Id.*

In this case, Conway was arrested for displaying fictitious plates, but he was convicted of possession of a controlled substance after the inventory search of his truck revealed the illegal drugs. Conway pleaded guilty to possession, and the charge for displaying fictitious plates was dismissed. The Magistrate Judge concluded Conway's claims are not barred by *Heck* because Defendants failed to explain how Conway's guilty plea to the possession of a controlled substance is inconsistent with the allegation that he was unlawfully detained and his truck subjected to an unlawful inventory search. The Court respectfully disagrees. Whether the arresting officer had probable cause to arrest Conway directly bears on the validity of his guilty plea and conviction. If the Court were to find the arrest was unconstitutional, then the drugs discovered as a result of the subsequent inventory search would have to be excluded. Exclusion of the drugs obviously would call into question the validity of Conway's guilty plea and conviction. In addition, the Court finds it improbable that doctrines such as independent source, inevitable discovery, and harmless error would have permitted the

introduction of the drugs as evidence in the case. Accordingly, Conway's claims relating to his alleged unlawful arrest and inventory of his truck are barred by *Heck*.

Conway's unlawful seizure claim regarding Deputy McConnell's initial stop of Conway is also barred by *Heck*.[2] If Conway successfully demonstrates his initial seizure and detention by Deputy McConnell violated his Fourth Amendment rights, such a result would imply the invalidity of his drug possession conviction because the drugs would be considered the fruit of a poisonous tree. As such, *Heck* precludes the claim.

Therefore, Conway's claims against Defendants Sheriff Law, Detective Allen, Deputy Evans, and Deputy McConnell are dismissed without prejudice to refiling once the conditions of *Heck* are met. Conway should be allowed to refile only upon a showing that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87.

### C.   Conway's Objections

In his Objections, Conway indicates his § 1983 claim could not possibly invalidate his conviction because it was pursuant to a plea deal, and the only way to challenge a guilty plea is to challenge whether it was made intelligently and voluntarily. As Conway argues, he waived all constitutional defects as a condition to his agreement. The Court agrees Conway waived his right to file a motion to suppress based on any Fourth Amendment violations. Therefore, Conway's position is that while he waived his right to bring a Fourth Amendment challenge as part of his

---

[2] The Court notes Defendants fail to acknowledge Conway even made such a claim. Nevertheless, the claim is barred by *Heck*.

criminal proceeding, he can now litigate that issue as part of his civil action precisely because he pleaded guilty. The Court rejects this argument. If anything, Conway's waiver of his right to challenge his arrest and the inventory search in his criminal case precludes him from raising these contentions through his § 1983 claim.

The reality, however, is Conway's guilty plea does not necessarily implicate the *Heck* bar. The Court can imagine fact patterns where a prisoner who pleaded guilty still has a viable § 1983 claim not barred by *Heck*. The question under *Heck* is simply whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. In this case, it is clear a judgment in favor of Conway finding the arrest and the search were unconstitutional would necessarily imply the invalidity of Conway's conviction for possession of a controlled substance because the controlled substance was discovered as a direct consequence of the arrest and the search. And there is no indication any sort of exception like inevitable discovery, independent source, or harmless error would apply to alter this conclusion.

Conway also asserts in his objections why it would be unfair to apply *Heck* to this case because he received ineffective assistance of counsel in pleading guilty in the first place. These are arguments properly reserved for a habeas proceeding, and indeed Conway has raised these contentions in his habeas petition. The Court has previously denied Conway's petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* Judgment, *Conway v. Stephens*, No. 1:14-cv-00653-SS (W.D. Tex. Feb. 4, 2015). Conway's complaints regarding his lawyer and the illegitimacy of his guilty plea do not affect the current question of the applicability of *Heck*.

Conway's objections are OVERRULED.

### III. Conway's Motion to Amend Complaint

Conway requests leave to file an amended complaint. Conway explains he incorrectly identified the Caldwell County Sheriff's Department and Sheriff Daniel Law as defendants. He asserts leave should be granted so that he can correctly identify the defendants, perfect his claims, request the proper relief, and invest the Court with proper jurisdiction. The substance of the allegations, however, is the same, and Conway fails to overcome the *Heck* bar. Therefore, the Court DENIES his motion as futile.

### IV. Conway's Motion for Appointment of Counsel

Conway has moved the Court to appoint him counsel. Considering the Court's dismissal of Conway's claims, it need not consider whether to appoint Conway counsel. The motion is DISMISSED.

### Conclusion

Conway's claims are barred by *Heck* and therefore must be dismissed.

Accordingly,

IT IS ORDERED that the Interim Report and Recommendation of the United States Magistrate Judge [#51] is REJECTED;

IT IS FURTHER ORDERED that Plaintiff Conway's Objections [#53] are OVERRULED;

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) & (6) filed by Sheriff Daniel Law, Detective Allen, and Deputy Evans, in their official capacities [#15] is DISMISSED;

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) & (6) filed by Caldwell County Sheriff's Office [#16] is DISMISSED;

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment filed by Caldwell County Sheriff's Office, Sheriff Daniel Law, Detective Allen, and Deputy Evans [#21] is GRANTED;

IT IS FURTHER ORDERED that Defendant Deputy McConnell's Motion to Dismiss Pursuant to Rule 12(b)(1) & (6) [#44], which the Court construes as a motion for summary judgment, is GRANTED;

IT IS FURTHER ORDERED that Plaintiff Conway's claims against Defendants Sheriff Daniel Law, Detective Allen, Deputy Evans, and Deputy McConnell are DISMISSED WITHOUT PREJUDICE to refiling once the conditions of *Heck* are met;

IT IS FURTHER ORDERED that Plaintiff Conway's claims against the Caldwell County Sheriff's Office are DISMISSED WITH PREJUDICE;

IT IS FURTHER ORDERED that Plaintiff's Request for Leave to Amend the Original Complaint [#48] is DENIED;

IT IS FINALLY ORDERED that Plaintiff Conway's Motion for Appointment of Counsel [#56] is DISMISSED.

SIGNED this the 20th day of February 2015.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE